IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERI PETIT,                          )
                          Plaintiff,  )
        v.                           )
                                     )     12 C 318
                                     )
WASHINGTON MUTUAL BANK, F.A.,        )     Judge Virginia M. Kendall
et al.,                              )
                                     )
                          Defendants. )

## MEMORANDUM OPINION AND ORDER

On November 23, 2004, Defendant Washington Mutual Bank (hereafter "WaMu") lent Plaintiff Teri Petit $504,000 subject to a Note executed in favor of WaMu. To secure the Note, WaMu executed a Mortgage on Petit's home, which was recorded with the Cook County Recorder of Deeds on December 21, 2004. Thereafter, Petit alleges that WaMu sold and transferred the Note and Mortgage to WaMu-Securities, which in turn sold the Note to a mortgage-backed securities trust (hereafter "Trust 2005-AR1") with Defendant Deutsche Bank National Trust Company serving as trustee. Petit alleges that Trust 2005-AR1 was dissolved on March 30, 2006, and that any interest in her Mortgage previously held by WaMu, WaMu-Securities, or Deutsche Bank terminated on that date. After the dissolution of the trust, Defendant JPMorgan Chase collected payments on Petit's Mortgage prior to February 6, 2009. On that date, Chase filed a foreclosure

1

action in the Illinois Circuit Court of Cook County, claiming that Petit had

defaulted on her obligations under her Mortgage and seeking to enforce the Note

secured thereby. That action is currently pending before the state court. In

response, Chase and Deutsche Bank move separately pursuant to Federal Rule of

Civil Procedure 12(b)(6) to dismiss Petit's Amended Complaint for failure to

state a claim upon with relief may be granted.[1] In the alternative, Chase moves

the Court to stay the present action pursuant to the abstention doctrine set forth

in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

For the following reasons, the Court grants Deutsche Bank's Motion to Dismiss

Petit's Complaint and grants Chase's Motion to stay further proceedings related

to Petit's Amended Complaint pursuant to *Colorado River* pending the outcome

of the aforementioned state foreclosure action that is currently pending in the

Circuit Court of Cook County.

## I. Background

On January 16, 2012, Petit filed a Complaint with this Court against

WaMu, Chase, and Deutsche Bank, alleging four counts against WaMu and

Chase, each of which stem from the continued collection of payments under

---

[1] On May 15, 2012, the Court granted Petit's motion to voluntarily dismiss her Complaint as to WaMu.

2

Petit's Mortgage after March 30, 2006: (1) violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; (2) common law fraud, conversion, and unjust enrichment under Illinois law; (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*; and (4) violations of the Illinois Fair Debt Collection Practices Act, 225 ILCS 425 *et seq.* Petit also brings a quiet title claim against WaMu, Chase, and Deutsche Bank, seeking a declaratory judgment that the certificateholders of the terminated Trust 2005-AR1 are the true mortgagees of Petit's Mortgage.

## II. The Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the well-plead allegations in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); accord *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff

must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id.* at 678. When the factual allegations are well-plead, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See Id*. at 679. A claim has facial plausibility when the factual content plead in the complaint allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678.

Claims alleging fraud must satisfy the heightened pleading requirement of Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies both to common law fraud claims and to claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). "While [Rule 9(b)] does not require a plaintiff to plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state the

identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir.1992) (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir.1992)) (internal quotations omitted).

The heightened pleading requirement of Rule 9(b) therefore mandates that a complaint alleging fraud contain more substance to survive a motion to dismiss than a complaint based on another cause of action governed only by the minimal pleading standards of Rule 8. *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999) (Rule 9(b) forces "the plaintiff to do more than the usual investigation before filing his complaint"); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994) (the rule serves three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim of fraud to the defendants).

## III. Discussion

Petit's Amended Complaint names Deutsche Bank only in connection with her quite title claim. Petit does not allege that Deutsche Bank wrongfully

5

sought to collect payments on her Mortgage, nor does she allege unfair or deceptive business practices in violation of Illinois statutory or common law. Likewise, although Chase has initiated foreclosure proceedings against Petit, Petit does not allege that Deutsche Bank has sought to enforce an interest in the subject property. Instead, Petit simply claims that Deutsche Bank, along with the other named Defendants, "are claimants to an interest in [Petit's residential property] adverse to that of Ms. Petit." To support this allegation, Petit alleges that Deutsche Bank's legal interest in Petit's Mortgage and Note terminated upon the dissolution of Trust 2005-AR1.

"An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property." *Stahelin v. Forest Pres. Dist. of Du Page County*, 877 N.E.2d 1121, 1135 (Ill. App. Ct. 2007) (citing *Illinois Dist. of Am. Turners, Inc. v. Rieger*, 770 N.E.2d 232 (Ill. App. Ct. 2002)). For this reason, a plaintiff may not bring a quiet title action where the defendant has not made an adverse claim to an interest in the plaintiff's property. *See Rieger*, 770 N.E.2d at 239. Although Petit concludes that Deutsche Bank is an adverse claimant to Petit's interest in her home, Petit has failed to allege that Deutsche Bank has made an adverse claim to support this legal conclusion.

6

Under *Twombly*, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [the] presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Petit's conclusory allegation that Deutsche Bank is an adverse claimant to her property is unsupported by factual allegations of Deutsche Bank's attempt to exercise its putative adverse claim. Thus, Petit has failed to plead a proper quiet title action against Deutsche Bank. *See Stahelin v. Forest Pres. Dist. of Du Page County*, 877 N.E.2d 1121, 1135 (Ill. App. Ct. 2007) (upholding dismissal of quite title action where plaintiff failed to allege either the basis for an adverse title claim or that defendant sought to exercise an adverse claim on the property). For this reason, the Court grants Deutsche Bank's Motion and dismisses Petit's Amended Complaint as it relates to Deutsche Bank.

Petit's Amended Complaint names Chase in each of the counts relating to alleged efforts to enforce Petit's Mortgage after March 30, 2006. Because the Court grants Chase's motion to stay further proceedings in the instant matter pursuant to the abstention doctrine set forth in *Colorado River*, the Court will not consider Chase's Motion to Dismiss Petit's Amended Complaint pursuant to Rule 12(b)(6).

The *Colorado River* abstention doctrine applies when a party seeks to stay a federal case in light of an action proceeding in another forum. *See Colorado River Water Conserv. Dist.*, 424 U.S. 800. Thus, although the Court has a "virtually unflagging obligation" to exercise its legal jurisdiction, the Court may stay or dismiss a suit where a stay or dismissal would promote "wise judicial administration." *Id.* at 817-818; *see also AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272 (7th Cir. 2003)

To determine whether abstention is appropriate in a given action, the Court must undertake a two-step inquiry. First, the Court must determine whether the instant action and the concurrent state proceeding are parallel. *See AXA Corporate Solutions*, 347 F.3d at 277-278 (7th Cir. 2003). Parallel state and federal litigation need not demonstrate formal symmetry; it is sufficient that substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *See Id.* at 278 (quoting *Caminiti & Iatarola, Ltd. v. Behnke Warehousing Inc.*, 962 F.2d 698 (7th Cir. 1992)). Issues are substantially the same when there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *See Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985).

Because substantially the same parties are litigating substantially the same issues in both Chase's state foreclosure action and Petit's action before this Court, the two suits are sufficiently parallel to implicate *Colorado River* abstention. Though Deutsche Bank is not a party in the state action, the addition of a defendant in a later-filed federal suit does not immediately break the symmetry between the two cases. *See Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). Further, Deutsche Bank is named only in Petit's quiet title action, which is dismissed as to Deutsche Bank. Thus, the relevant parties are identical between the concurrent state and federal suits at issue here. Likewise, although Chase is the plaintiff in the state foreclosure proceeding, the reversed posture of the parties between the two cases is immaterial. *See Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir. 1979); *see also Pieleanu v. Mortgage Elec. Registration Sys., Inc.*, No. 08 C 7404, 2010 WL 1251445 (N.D. Ill. March 24, 2010).

More importantly, there is a substantial likelihood that the outcome of the state foreclosure action will largely determine the outcome of Petit's claims against Chase in this federal case. Each of Petit's allegations rests upon the allegation that Chase maintained no legal interest in Petit's Mortgage after March 30, 2006. These allegations in turn rely on the legal conclusion at issue in Chase's

9

foreclosure action—that is, whether Chase is legally entitled to enforce the Note secured by Petit's Mortgage. Although the present action may implicate additional factual or legal issues, abstention is appropriate where the Court reasonably concludes that all present claims are likely to be finally determined by the state court action. *See Lumen Const.*, 780 F.2d at 695. Because Petit's federal action relies significantly on the resolution of the primary legal issue under consideration in Chase's state foreclosure action, the actions are sufficiently parallel to support *Colorado River* abstention.

Although the state and federal proceedings are parallel, the Court may stay the exercise of its jurisdiction only under "exceptional circumstances." *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983). To determine whether such "exceptional circumstances" are present the Court must consider ten factors, none of which is dispositive:

> (1) whether the state has assumed jurisdiction over property at issue in the federal case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*See AXA Corporate Solutions*, 347 F.3d at 278 (citing *Caminiti*, 962 F.2d at 701).

Here, the majority of these factors weigh in favor of abstaining. Chase's foreclosure action was filed in state court in February 2009, long before Petit filed her action with this Court in January 2012. By allowing Chase's foreclosure action to proceed beyond the pleadings, the Illinois court assumed jurisdiction over the *rem* that is the principal subject of the dispute—that is, Petit's residential property in River Forest, Illinois. Likewise, although the Circuit Court's initial ruling was vacated due to misconduct on behalf of Chase's attorneys, the action has progressed significantly beyond the pleading stages and the Illinois Court has maintained its jurisdiction over the matter for more than two years.

Furthermore, each of Petit's claims before this Court requires the resolution of legal issues governed by Illinois state law. Four of Petit's five counts against Chase explicitly implicate Illinois statutory or common law protections. Although Petit brings a claim under the federal Fair Debt Collection Practices Act, this claim rests upon Petit's allegation that Chase maintained no legal interest in her Mortgage after the dissolution of Trust 2005-AR1. As noted above, this allegation rests on an appraisal of Chase's current interest in Petit's Mortgage, an issue which will be governed by Illinois law. As a result, concurrent consideration of these cases presents a significant risk of piecemeal

litigation and inconsistent results. In light of these exceptional circumstances, *Colorado River* abstention is appropriate in the instant action.

It has long been held that abstention under *Colorado River* should be executed through a stay, as opposed to a dismissal. *See Montano v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004); *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) (dismissal would "be illogical; the fact that a parallel case, especially one brought by the opposing party, is pending says nothing about the merits or propriety of the suit in the abstaining court"); *Selmon v. Portsmouth Drive Condominium Ass'n*, 89 F.3d 406, 409-410 (7th Cir. 1996) (collecting cases) ("a stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in deferring to a parallel state court proceeding under the *Colorado River* doctrine"); *but see R.C. Wegman Const. Co. v. Admiral Ins. Co.*, No. 11-2836, 2012 WL 2927060 (7th Cir. July 19, 2012) (holding that although *Colorado River* abstention can take the form either of a stay or a dismissal, either judgment is final and appealable). Should Chase prevail in its state foreclosure action, the bank may move to lift the federal stay and dismiss Petit's Complaint. As noted above, resolution of the state action in Chase's favor would undermine the premise of Petit's claim. On the other hand, should Petit prevail in the state action, she may move to lift the stay and continue to pursue

her case. Resolution of the state action in Petit's favor would preclude Chase's affirmative defense that it was the mortgagee of Petit's property throughout the period at issue. Thus if Petit prevails in the pending state court action, there are remaining issues in this federal suit for decision. Of course, Petit would still be required to prove her factual allegations, and perhaps to prevail on other issues of law, in order to make out fraud and fair debt collection claims. Nonetheless, the resolution of the state action will be largely determinative of the outcome of the instant federal action, although the instant federal case concerns matters not at issue in the pending state court suit. Thus, the Court grants Chase's Motion to stay further proceedings associated with Petit's federal claims. *See Rogers v. Desiderio*, 58 F.3d 299 (7th Cir.1995) ("It is sensible to stay proceedings until an earlier-filed case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion."); *accord Bank of Am., N.A. v. Zahran*, No. 10 C 4461, 2011 WL 167241 (N.D. Ill. Jan. 19, 2011).

## IV. Conclusion

For the reasons set forth above, the Court grants Deutsche Bank's Motion to Dismiss Petit's Amended Complaint as to Deutsche Bank. Further, the Court grants Chase's Motion to abstain from proceeding with the present action

pursuant to *Colorado River Water Conservation District v. United States* pending the outcome of the ongoing state foreclosure action currently pending before the Circuit Court of Cook County.


_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 14, 2012

14